IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

SYLVESTER MIDDLETON, JR.,       )
                                )
            Petitioner,         )
                                )
    v.                          )       CV 109-025
                                )       (Formerly CR 105-028)
UNITED STATES OF AMERICA,       )
                                )
            Respondent.         )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner Sylvester Middleton, Jr., an inmate currently incarcerated at the Federal

Correctional Institution in Edgefield, South Carolina, has filed with this Court a motion

under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the following

reasons, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be

**DENIED** without an evidentiary hearing, that this civil action be **CLOSED**, and that a final

judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

On March 3, 2005, a federal grand jury indicted Petitioner on a single count of

possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§

922(g)(1) and 924(a)(2). United States v. Middleton, CR 105-028, doc. no. 1 (S.D. Ga. Mar.

3, 2005) (hereinafter "CR 105-028"). Attorney J. Larry Broyles was originally appointed to

represent Petitioner (CR 105-028, doc. no. 23), and Petitioner proceeded to trial and was

convicted by a jury on November 8, 2005. See id., doc. no. 44. Following Petitioner's conviction, Mr. Broyles was replaced by new counsel, Richard E. Allen, who represented Petitioner at sentencing and on appeal. Id., doc. no. 49.

Prior to sentencing, the probation office prepared a Pre-Sentence Investigation Report ("PSI"), which recommended the following three enhancements to Petitioner's base offense level: (1) a 5-level enhancement because Petitioner discharged a firearm during the commission of another felony, namely aggravated assault[1] (citing U.S.S.G. § 2A2.2(b)(2)); 2) another 5-level enhancement because the victim sustained serious bodily injury (citing U.S.S.G. § 2A2.2(b)(3)(B)); and (3) an additional 2-level enhancement because Petitioner created a substantial risk of death or serious bodily injury to others while fleeing from law enforcement officers (citing U.S.S.G. § 3C1.2). See PSI ¶¶ 24, 25, 28. Pursuant to 18 U.S.C. § 924(a)(2), the statutory maximum sentence for Petitioner's offense was ten years. PSI ¶ 62. With a total offense level of 26 and criminal history of category V, the advisory guidelines range for imprisonment was 110 to 120 months. Id. ¶ 63. At the sentencing hearing, the Honorable Dudley H. Bowen, Jr., United States District Judge, sentenced Petitioner to 120 months of imprisonment, after acknowledging on multiple occasions that

---

[1]As noted by counsel for the government at the sentencing hearing, aggravated assault is not an offense that may be prosecuted under federal law, and thus Petitioner was not charged with aggravated assault in his federal case. CR 105-028, doc. no. 76, p. 20. However, the same conduct leading to Petitioner's federal firearm charge formed the basis of several charges brought by the State of Georgia, including the charge of aggravated assault (doc. no. 11, p. 15), which is the other felony referenced in the PSI. In February 2006, the Superior Court of Burke County approved the State's request for an entry of "nolle prosequi" as to these charges because the victim had elected not to prosecute, and Petitioner had been convicted in federal court. (Id. at 13).

the sentencing guidelines were advisory only. CR 105-028, doc. no. 76, pp. 34-36 ("Sent. Tr.").

Following an unsuccessful appeal, see United States v. Middleton, 245 Fed. App'x 867 (11th Cir. 2007) (*per curiam*), Petitioner commenced this action by filing a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. no. 1). Before Respondent filed its response to the original § 2255 motion, however, Petitioner filed a motion to amend. (Doc. no. 4). Respondent did not oppose Petitioner's motion to amend, and Petitioner was permitted to amend his § 2255 motion. (Doc. nos. 5, 6). Petitioner was specifically instructed to include all of his claims that he contended entitled him to relief in his amended § 2255 motion. (Doc. no. 6, p. 2).[2] In his amended § 2255 motion, Petitioner presents a single ground for relief, arguing that his appellate counsel was ineffective for failing to argue that Petitioner's right to a jury trial was violated when Judge Bowen enhanced his sentence based on findings that "were neither admitted by [P]etitioner nor found by a jury." (Doc. no. 7, p. 2). Respondent submits that Petitioner's claim is without merit (see generally doc. no. 8), and Petitioner has filed a reply to the government's response

---

[2]The Court notes that the Federal Rules of Civil Procedure are applicable to habeas corpus proceedings "to the extent that the practice in those proceedings . . . is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases." Fed. R. Civ. P. 81(a)(4). In addition, Rule 12 of the Rules Governing Section 2255 Proceedings provides that "[t]he Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules." Accordingly, Petitioner's amended § 2255 motion supercedes and replaces in its entirety his original § 2255 motion. See Malowney v. Fed. Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (recognizing that amended complaint supersedes original complaint); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994).

in which he requests an evidentiary hearing. (Doc. no. 11, p. 12). The Court resolves the matter as follows.

## II. DISCUSSION

### A. No Need for Evidentiary Hearing

In regard to Petitioner's request for an evidentiary hearing, the Eleventh Circuit follows the general rule "that effective assistance claims will not be addressed on direct appeal from a criminal conviction because an evidentiary hearing, available in a section 2255 proceeding, is often required for development of an adequate record." Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Nonetheless, this general rule does not require the Court to hold an evidentiary hearing every time an ineffective assistance of counsel claim is raised. Id. Stated another way:

> Notwithstanding this legislative mandate, it is well settled that a petitioner does not establish his right to a hearing by the simple expedient of filing a petition. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.

Stephens v. United States, 14 F. Supp.2d 1322, 1334 (N.D. Ga. 1998) (citation omitted).

As described in detail below, the Court finds that Petitioner's sole claim for relief is without merit. Thus, no evidentiary hearing is necessary in this case. Accordingly, Petitioner's request for an evidentiary hearing should be denied.

### B. Alleged Ineffective Assistance of Appellate Counsel

#### 1. Applicable Rules Explained

As noted above, Petitioner has alleged that his appellate counsel was ineffective for failing to argue that Petitioner's right to a jury trial was violated when Judge Bowen

enhanced his sentence based on findings that "were neither admitted by [P]etitioner nor found by a jury." (Doc. no. 7, p. 2). To establish ineffective assistance of counsel, Petitioner must meet a two-part test. Petitioner first must show that "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). In applying this test, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance[.]" Id. at 689; see also Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing "that petitioner was not entitled to error-free representation"). "A petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Second, Petitioner must establish prejudice by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.

As to appellate counsel, the Court's analysis under Strickland is further guided by the principle that appellate counsel is not ineffective when he fails to raise a frivolous argument on appeal. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992). Stated another way, appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit." Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984). Neither does the Sixth Amendment require appellate advocates to raise every non-frivolous issue. Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991).

In applying the Strickland components outlined above, "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the

5

defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95). For as the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).

"Given the strong presumption in favor of competence, the petitioner's burden of persuasion -- though the presumption is not insurmountable -- is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). As the Eleventh Circuit has succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc). "[C]ases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Id. at 1511.

Because determining whether Petitioner suffered prejudice hinges upon the validity

of the underlying claim, Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990) and

Miller v. Dugger, 858 F.2d 1536, 1538 (11th Cir. 1988), the Court will review the merits of

the claim that forms the basis of Petitioner's ineffective assistance allegations.

## 2.    Counsel Was Not Ineffective

Petitioner's argument that appellate counsel was ineffective for failing to argue that

his right to trial by jury was violated when Judge Bowen enhanced his sentence based on the

recommendations in the PSI is based on the Supreme Court's holding in Booker v.

Washington, 543 U.S. 220 (2005), that imposition of a sentencing enhancement under the

U.S. Sentencing Guidelines based on facts not admitted by the defendant nor found by the

jury violates the defendant's Sixth Amendment right to trial by jury. Booker, 543 U.S. at

231-37, 244. Here, the government admits that the district court enhanced Petitioner's

sentence based on facts neither admitted by him or found by a jury. (Doc. no. 8, p. 5).

However, the government argues that the district court committed no error in doing so

because it "acknowledg[ed] that the guidelines are advisory only" in imposing Petitioner's

sentence. (Id.).

In support of this argument, the government relies on the Eleventh Circuit case of

United States v. Rodriguez, 398 F.3d 1291 (11th Cir. 2005), which explained the Supreme

Court's holding in Booker as follows:

> The holding in Booker is that the Sixth Amendment right to trial by jury is
> violated where *under a mandatory guidelines system* a sentence is increased
> because of an enhancement based on facts found by the judge that were
> neither admitted by the defendant nor found by the jury.

Rodriguez, 398 F.3d at 1298 (emphasis in original). The Eleventh Circuit went on to clarify

that "the decisive factor that makes pre-Booker sentencing problematic is not extra-verdict

enhancements but their use in a mandatory guidelines system. . . . . [Thus,] the use of extra-

verdict enhancements in an advisory guidelines system is not unconstitutional." Id. at 1301.

Notably, the Eleventh Circuit pointed out that district courts must still consider extra-verdict

enhancements under the sentencing guidelines in an advisory, as opposed to mandatory, role.

Id. at 1302-03. To that end, the Eleventh Circuit has further clarified that Booker does not

"change the standard of proof applicable to sentencing enhancements. Provided the district

court applies the guidelines as advisory, nothing in Booker restricts the sentencing court from

making factual findings under a preponderance-of-the-evidence standard." United States v.

Niewald, 185 Fed. App'x 839, 840 (11th Cir. 2006) (*per curiam*) (citing United States v.

Ndiaye, 434 F.3d 1270, 1300 (11th Cir. 2006)).

The Supreme Court announced its decision in Booker on January 12, 2005, Booker,

543 U.S. at 220, and Petitioner was sentenced more than a year later on February 23, 2006,

See doc. nos. 61, 62; see also Sent. Tr., p. 1. In sentencing Petitioner to 120 months of

imprisonment, Judge Bowen acknowledged on three separate occasions that he was aware

that the U.S. Sentencing Guidelines were only advisory:

Judge Bowen:      Now I am not bound by the guidelines.

. . . .

Considering the guidelines as *advisory*, it is still my
conclusion that he should receive a sentence of 120
months under the guidelines.

. . . .

8

> Upon the foregoing it is ordered and adjudged [that Petitioner] be committed to the custody of the Bureau of Prisons for the purpose of imprisonment for the term of 120 months . . . . I find no reason to depart from the sentencing range called for by the *advisory* guidelines.

Sent. Tr., pp. 34-36 (emphasis added). Notably, the government had Charles Kicklighter, a Special Agent with the Georgia Bureau of Investigations, testify at sentencing as to the factual basis for the sentence enhancements recommended in the PSI. Id. at 7-15. Based on this testimony and the jury verdict, Judge Bowen found that the preponderance of the evidence, but more "probably . . . clear and convincing evidence," indicated that Petitioner had used a firearm in the commission of another felony. Id. at 24-25, 27. Judge Bowen further concluded that there was no doubt (or as Judge Bowen stated, "we all know") that the victim sustained a serious bodily injury. Id. at 27-28.[3]

Thus, Judge Bowen did not err by enhancing Petitioner's sentence based on the three guidelines provisions noted above, since he treated the guidelines as advisory and found that at least a preponderance of the evidence supported imposing the sentencing enhancements recommended in the PSI. Because the district court committed no error in sentencing Petitioner, it cannot be said that counsel erred in failing to raise this issue on appeal or that Petitioner has suffered any prejudice as a result. Thus, Petitioner's sole claim for relief fails.

---

[3]Petitioner did not object the two-level enhancement for creating a substantial risk of death or serious bodily injury to others while fleeing from law enforcement officers. See PSI, ¶ 28; Sent. Tr., p. 4.

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that

Petitioner's § 2255 motion be **DENIED** without an evidentiary hearing, that this civil action

be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 28th day of September, 2009, at

Augusta, Georgia.


_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE